**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>              v.<br><br>JAMES CRAFT,<br><br>                Defendant. | Criminal Action No. 18-0085-1 (ES)<br><br>ORDER |

**SALAS, DISTRICT JUDGE**

It appearing that:

    1.    Before the Court is defendant James Craft's ("Defendant") *pro se* motion for reconsideration of his sentence. (D.E. No. 25 ("Motion")). Having reviewed the parties' submissions, the Court DENIES Defendant's motion.[1]

    2.    Pursuant to 18 U.S.C. § 3582(c)(1), a court "may not modify a term of imprisonment once it has been imposed except" in certain limited circumstances. *United States v. Sharpe*, 554 F. App'x 123 (3d Cir. 2014) (citing *United States v. Washington*, 549 F.3d 905, 915 (3d Cir. 2008)). These circumstances are:

---

[1] Also before the Court is Defendant's letter filed on November 15, 2019, where Defendant asserts that "I think I need help in learning how to actually escape the background from whence I come." (D.E. No. 28 at 1). Specifically, Defendant seemingly requests that the Court order "counseling to help [him] with [his] psychological issues," "drug and alcohol abuse," "anger management," "education," and "job training." (*Id.* at 1). While "[a] sentencing court can recommend that [the Bureau of Prisons ("BOP")] place an offender in a particular facility or program," the "decisionmaking authority rests with the BOP." *Tapia v. United States*, 131 S. Ct. 2382, 2390–91 (2011) (citing 18 U.S.C. § 3582(a)). Subject to certain statutory constraints, the BOP has plenary control over "the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." *Id.* at 2390. The programs that are subject to BOP's authority include its "educational," "recreational," "vocational," and "drug abuse treatment programs." *See id.* In the instant case, the Court in its Judgment in a Criminal Case recommended that Defendant participate in "[t]he Challenge Program." (D.E. No. 24 at 2). But the Court's recommendation is only that, a recommendation. *Tapia*, 131 S. Ct. at 2391. Accordingly, the Court is without authority to grant Defendant's request, and must deny the November 15, 2019 letter.

(1) "the need to correct an arithmetical, technical or other clear error, Fed. R. Crim. P. 35(a);"

(2) "upon motion of the government for the defendant's substantial assistance, Fed. R. Crim. P. 35(d);"

(3) "upon motion of the Director of the Bureau of Prisons based upon the defendant's advanced age or other compelling and extraordinary reasons, 18 U.S.C. § 3582(c);"

(4) "to reduce a sentence of imprisonment based upon a sentencing guideline range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)."

*United States v. Sharpe*, No. 02-0772, D.E. No. 545 (E.D. Pa. filed Sept. 18, 2013), *aff'd*, 554 F. App'x 123. In addition, "[a] district court may also correct a sentence under Rule 36 of the Federal Rules of Criminal Procedure." *United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). But "[a] court's authority under Rule 36 is limited to the correction of clerical errors in the judgement." *Id.*

3. Defendant fails to raise any of these limited circumstances permitting the Court to reconsider or modify his sentence.

4. Thus, the Court has no authority to alter the sentence previously imposed. *See Sharpe*, 554 F. App'x at 123.

Accordingly, IT IS on this 31st day of December, 2019;

**ORDERED** that Defendant's motion for reconsideration is DENIED; and it is further

**ORDERED** that the Clerk of Court shall TERMINATE Docket Entry Number 25.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**